IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| David Gevas (B41175), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 C 50146 |
| v. ) | |
| ) | Hon. Margaret J. Schneider |
| Wexford Health Sources, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants' motion to compel [93] is granted and Plaintiff's motion to compel [94] is denied. Plaintiff's motion for an update on the status of this motion [104], is denied as moot.

**BACKGROUND**

Plaintiff David Gevas filed this civil rights action regarding the treatment he received at Dixon Correctional Center for the symptoms and side effects he suffered following his diagnosis and treatment for cancer. (*See* [28].) Specifically, he alleges that, contrary to his oncologist's recommendations, prison medical staff did not provide him with an air mattress, orthopedic shoes, a prescription for Norco pain medication, follow-up appointments with his oncologist, or replacements for his worn out, dirty mattresses. (*Id*.) Presently before the Court are two motions to compel discovery responses, the first filed by Defendants Merrill Zahtz and Wexford Health Sources ([93]), and the second filed by Plaintiff. ([94]). For the reasons that follow, Defendants' motion to compel ([93]) is granted and Plaintiff's motion to compel ([94]) is denied.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), discovery is permitted of any matter relevant to the claims or defenses asserted in the pending action, provided the information is not privileged. The information need not be admissible in evidence to be discoverable, however it must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The requested information must also be proportional to the needs of the case. *Id.* Whether a request is proportional "requires a common sense and experiential assessment." *Generation Brands, LLC v. Decor Selections, LLC*, No. 19 C 6185, 2021 WL 780485, *2 (N.D. Ill. Mar. 1, 2021). Under Fed. R. Civ. P. 26(b)(2)(C)(i), the Court "must limit the . . . extent of discovery otherwise allowed by these rules or by local rule

1

if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

If a party fails to respond to a request for discovery or provides evasive or incomplete responses, Federal Rule of Civil Procedure 37 allows the requestor to ask that the Court compel a response to the discovery request. Fed. R. Civ. P. 37(a). Incomplete or evasive responses are treated as nonresponsive. Fed. R. Civ. P. 37(a)(4). A motion to compel must indicate that the parties attempted to resolve their discovery dispute without Court intervention. Fed. R. Civ. P. 37(a)(1). With these standards in mind, the Court turns to the specifics of each parties' discovery motions.

### WEXFORD DEFENDANTS' MOTION TO COMPEL

Wexford Defendants served Plaintiff with interrogatories and requests to produce on May 20, 2021. ([93-1].) Plaintiff's responses to these discovery requests were thus initially due by June 21, 2021. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). On June 28, 2021, however, Plaintiff filed a motion requesting an extension of time to respond to the discovery requests, which the Court granted. ([86, 87].) The Court set July 30, 2021, as the new deadline for Plaintiff's responses. ([87].)

On July 27, 2021, Plaintiff send a letter to Defendants asking for an additional fourteen days to serve his discovery responses. ([93-3].) Defense counsel wrote back and indicated Defendants had no objection to the extension. ([93-4].) On August 12, 2021, Plaintiff again wrote to defense counsel requesting another fourteen-day extension because he was having unspecified "medical issues." ([93-5].) Defendants again agreed to an extension until August 28, 2021. ([93-6].) By September 2, 2021, however, Defendants still had not received Plaintiff's discovery responses and so filed the present motion to compel. ([93], pg. 3.)

Defendants' motion to compel requests that Plaintiff be directed to serve his overdue responses to their interrogatories and requests for production. They state that their discovery requests ask for basic information that should be within Plaintiff's knowledge or possession and that they will be prevented from effectively defending against Plaintiff's claims or taking his deposition without the requested information. ([93], pg. 3.) Defendants ask the Court to direct Plaintiff to respond to the discovery requests within seven days or face sanctions, to prohibit Plaintiff from conducting depositions until he responds to the discovery requests and sits for his own deposition, and to award Wexford Defendants their attorneys' fees incurred in the preparation and presentation of their motion to compel. ([93], pg. 4.)

Plaintiff submitted two responses to Defendants' motion to compel. In the first response, filed on September 8, 2021, Plaintiff insists he mailed his responses to the discovery requests on September 2, 2021—the same day Defendants filed their motion. ([95].) He states he could not send the responses earlier because he had been unable to make copies of the records due to the

if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

If a party fails to respond to a request for discovery or provides evasive or incomplete responses, Federal Rule of Civil Procedure 37 allows the requestor to ask that the Court compel a response to the discovery request. Fed. R. Civ. P. 37(a). Incomplete or evasive responses are treated as nonresponsive. Fed. R. Civ. P. 37(a)(4). A motion to compel must indicate that the parties attempted to resolve their discovery dispute without Court intervention. Fed. R. Civ. P. 37(a)(1). With these standards in mind, the Court turns to the specifics of each parties' discovery motions.

### WEXFORD DEFENDANTS' MOTION TO COMPEL

Wexford Defendants served Plaintiff with interrogatories and requests to produce on May 20, 2021. ([93-1].) Plaintiff's responses to these discovery requests were thus initially due by June 21, 2021. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). On June 28, 2021, however, Plaintiff filed a motion requesting an extension of time to respond to the discovery requests, which the Court granted. ([86, 87].) The Court set July 30, 2021, as the new deadline for Plaintiff's responses. ([87].)

On July 27, 2021, Plaintiff send a letter to Defendants asking for an additional fourteen days to serve his discovery responses. ([93-3].) Defense counsel wrote back and indicated Defendants had no objection to the extension. ([93-4].) On August 12, 2021, Plaintiff again wrote to defense counsel requesting another fourteen-day extension because he was having unspecified "medical issues." ([93-5].) Defendants again agreed to an extension until August 28, 2021. ([93-6].) By September 2, 2021, however, Defendants still had not received Plaintiff's discovery responses and so filed the present motion to compel. ([93], pg. 3.)

Defendants' motion to compel requests that Plaintiff be directed to serve his overdue responses to their interrogatories and requests for production. They state that their discovery requests ask for basic information that should be within Plaintiff's knowledge or possession and that they will be prevented from effectively defending against Plaintiff's claims or taking his deposition without the requested information. ([93], pg. 3.) Defendants ask the Court to direct Plaintiff to respond to the discovery requests within seven days or face sanctions, to prohibit Plaintiff from conducting depositions until he responds to the discovery requests and sits for his own deposition, and to award Wexford Defendants their attorneys' fees incurred in the preparation and presentation of their motion to compel. ([93], pg. 4.)

Plaintiff submitted two responses to Defendants' motion to compel. In the first response, filed on September 8, 2021, Plaintiff insists he mailed his responses to the discovery requests on September 2, 2021—the same day Defendants filed their motion. ([95].) He states he could not send the responses earlier because he had been unable to make copies of the records due to the

absence of law library staff. (*Id.*) Defendants, however, object to Plaintiff's discovery responses because they contend the late responses did not adequately answer their discovery requests. The Court, therefore, set a briefing schedule for Defendants' motion permitting Plaintiff to respond to this argument. ([96].)

Plaintiff submitted his second response on September 22, 2021. ([97].) Plaintiff attaches his answers to the discovery requests to this response, most of which state only that "investigation continues" or assert an objection to the discovery request. (*See* [97-1].) Plaintiff argues only that these discovery "responses are accurate and, discovery is still ongoing. Plaintiff shall supplement his response as discovery progresses." ([97], pgs. 1-2.) Plaintiff later filed notices on September 28, 2021, and October 19, 2021, indicating he had updated some of his disclosures. ([99], [102].)

### **Defendant's Requests for Production of Documents**

Defendants' eight requests for production generally seek copies of written statements Plaintiff possesses that refer to the events at issue in this lawsuit; visual media, such as drawings or pictures; medical records; notes, diaries, and calendars; grievances; receipts or bills for expenses resulting from the complained-of events; documents referred to in Plaintiff's interrogatory responses; and correspondence with Defendants. (*See* [93-1].) Plaintiff produced none of the requested records but instead simply responded, "[i]nvestigation continues" to each request.[1] ([91-1], pg. 7.)

Plaintiff's responses are evasive and tantamount to no response at all. *See* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); *see also Johnson v. Kakvand*, 192 F.3d 656, 660 (7th Cir. 1999) (affirming sanctions for discovery abuses based in part on party's discovery responses objecting to nearly every interrogatory and production request and responding "investigation continues" to the remainder.); *Ford v. Exide Corp.*, No. 04 C 4293, 2005 WL 2008985, at *2 (N.D. Ill. Aug. 15, 2005) (dismissing lawsuit as sanction for plaintiff's lack of diligence in prosecuting his case where plaintiff responded to discovery requests with little other than statements that "investigation

---

[1] Plaintiff does elaborate slightly in two of his responses. For his response to request #1, Plaintiff stated that "Other than what has produced [sic] in Plaintiff's Complaint, investigation continues." Similarly, he stated in response to request #3, that "Other than what has been produced by subpoena, investigation continues." ([97-1], pg. 7.) These additional clauses, however, do not rescue Plaintiff's responses because they fail to identify the records Plaintiff believes are responsive to Defendants' requests. At this point, Plaintiff has filed six versions of the pleadings, each with different documents attached as exhibits or with no exhibits at all. (*See* [1], [7], [14] (with a duplicate copy at [16], [19], [24], [76].) It is unclear to which of these documents Plaintiff is referring. He also fails to identify which subpoenas he believes resulted in the disclosure of responsive documents. Nor does he identify which subpoenaed records are responsive to Defendants' requests. Consequently, the added phrases do nothing to clarify Plaintiff's responses. *Doe ex rel. Doe v. White*, No. 08-CV-1287, 2009 WL 3098724, at *2 (C.D. Ill. Sept. 22, 2009) ("Plaintiff's reference to previously produced records "gives no useful information. As Defendants say, the response leaves them 'guessing' about which evidence produced previously, if any, Plaintiffs believe support their claims. The response does not answer each interrogatory 'separately and fully,' Fed. R. Civ. P. 33, nor does it identify documents with the specificity required by Fed. R. Civ. P. 34").

3

continues" six months after receiving discovery requests.) Rule 34 requires a responding party to either "state that inspection and related activities will be permitted as requested,"—in other words, the party must produce the requested records—or "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Plaintiff's responses do neither of these things.

Defendants' requests to produce are straightforward and many of the responsive records should either be in Plaintiff's possession or readily obtainable. It is inexplicable why Plaintiff did not respond by either producing the responsive records in his possession or by indicating that he does not possess the requested records. Plaintiff offers no explanation for why he was unable to complete any necessary investigation and produce the requested records within the four months preceding Defendants' motion to compel. Within this time, Plaintiff should have been able to respond to most of the requests for production with more than simply a statement that his investigation for the records continues.

Consequently, Plaintiff must produce any records in his possession responsive to Defendants' request for production by the date set forth below. The Court notes one of the requests for production is not sufficiently tailored to this lawsuit as it is drafted. Request #8 asks for "All correspondence from or to these Defendants or their agents, principals, employees, representatives or servants." ([93-1], pg. 14.) Clearly, every piece of correspondence ever written between Plaintiff and Defendants will not be relevant to this lawsuit. Therefore, the Court narrows the request to correspondence created after April 1, 2019 (the approximate date of Plaintiff's transfer into Dixon Correctional Center) that is relevant to this lawsuit.

## Defendants' Interrogatories

Next, nearly all Plaintiff's responses to Defendants' interrogatories are similarly deficient and must be supplemented. Federal Rule of Civil Procedure 33 governs the process for answering interrogatories. Under Rule 33, a "responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Unless objected to, the interrogatory must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If the responding party objects to an interrogatory, the grounds for objecting must be stated with specificity. Fed. R. Civ. P. 33(b)(4). Here, Plaintiff either objected or responded only that "investigation continues" to almost all of Defendants' twenty-two interrogatories. ([97-1], pgs. 17-19.) These responses do not suffice to answer Defendants' interrogatories.

The Court addresses Plaintiff's objections first. The Court is unpersuaded that any of the objections hold water.

*Objections on the Basis of Privilege*

First, Plaintiff objects to providing responses to interrogatories #1 and 4 because he asserts the requested information is privileged. (*Id.*) Interrogatory #1 asks Plaintiff to "[s]tate [his] full name, as well as your current residence address, social security number, inmate identification number, date and place of birth, and any other name by which you have been known." ([93-1].) Plaintiff provided his name, inmate number, and mailing address, but objected to providing the remainder of the information because he contends the information is irrelevant and "privileged." ([97-1], pg. 17.)

Interrogatory #4 asks Plaintiff to "[s]tate the name, address and specialty, if any, of all physicians, nurses, medical technicians or other persons with whom you or your attorneys have discussed any of the following: (a) The acts and/or omissions of deliberate indifference described in your Complaint; (b) The nature and extent of any injuries suffered by you; and (c) The relationship between the acts and/or omissions on the part of the Defendants and such injuries." ([93-1], pg. 3.) Plaintiff likewise objected that this information was privileged. ([97-1], pg. 17.)

These objections are overruled. Under Fed. R. Civ. P. 26(b)(5)(A) "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see also* Committee Notes to 1993 Amendment to Fed. R. Civ. P. 26(5)(A) ("The party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection"). Plaintiff failed to include any such description. In fact, it is not apparent even the type of privilege Plaintiff believes is applicable to this information. This missing information prevents the Court from evaluating Plaintiff's assertion of privilege and alone is grounds for overruling the objections.

Neither does the information requested appear to fall within a recognized privilege. Plaintiff instead seems to be conflating information he considers private with privileged information. Insofar as Plaintiff is concerned about the improper disclosure of his private identifying and medical information, the parties have a protective order in place to protect such information. (*See* [91].) Further, the information requested by interrogatory #4 is relevant to Defendants' identification of potential witnesses and interrogatory #1 requests information that may be required for Defendants to obtain Plaintiff's medical, legal, or correctional records. For that reason, the Court is unpersuaded that any privilege prevents Plaintiff from responding to interrogatories #1 and 4.

At this point, though, Defendants, have not articulated a specific need for Plaintiff's social security number. This information, if inadvertently disclosed, may lead to serious consequences for Plaintiff. Therefore, Plaintiff need not disclose his social security number at this time. *Gehring*

*v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994) (Court did not err in limiting discovery on the basis that the requested information raised privacy concerns). If Defendants require the information for a particular reason, they should raise that issue with the Court, at which time the Court will consider whether Plaintiff must disclose the information.

### *Objections for Repetitiousness*

Second, Plaintiff objects to interrogatory #4 along with several others—#3, 8, 9, and 17—as "asked and answered in response at #2." ([97-1], pgs. 17-18.) Interrogatory #2 asks Plaintiff to:

> Describe the acts and/or omissions of the Defendants, i.e., the specific diagnosis, procedure, test, therapy, treatment or other type of healing arts administration which you claim caused or contributed to the injuries for which you seek damages and, as to each, state: (a) the date or dates thereof; (b) the name and address of each witness; (c) the names and addresses of all other persons having knowledge thereof and as to each such person the basis for his or her knowledge; and (d) the location of any and all documents, including without limitation, hospital, medical, and/or prison records reflecting such acts and/or omissions."

([93-1], pg. 2.) Plaintiff answered interrogatory #2 by stating:

> "Deliberate and callous indifference; Negligence; and Medical ma[]lpractice. Specifically, refusing to provide double mattress, orthopedic shoes, air mattress, and norco as prescribed by John Galvin, UIC, Oncologist. In order to properly manage Plaintiff['s] pain due to cancer and cancer complications. Including, to cut costs and, policy. Leaving Plaintiff to suffer in unnecessary pain from April 2019 through January 2021. Witnesses are as follows: John Galvin, UIC, Oncologist, address unknown. Marcia Gevas, 363 Uvedale Rd., Riverside, Il 60456. Including all Defendants. Investigation continues. Shall supplement as needed."

([97-1], pg. 17.) Plaintiff objects to interrogatories #3, 4, 8, 9, 11, and 17, because he contends his response to interrogatory #2 suffices to answer these interrogatories. (*Id.*, pgs. 17-18.) These objections are overruled. Plaintiff's answer to interrogatory #2 does not serve to respond to these other interrogatories.

To begin with, Plaintiff's response to interrogatory #2 is incomplete. Although Plaintiff states he was in pain from April 2019 through January 2021, this does not answer the question of the dates on which the alleged acts and omissions causing his injuries occurred. Plaintiff also

6

neglects to list the location of documents reflecting those acts or omissions and does not describe the basis for his witnesses' knowledge. Plaintiff does not contest that this request asks for relevant information; it plainly does. Consequently, Plaintiff must supplement his answer to interrogatory #2 to fully respond to Defendants' discovery request.

As for interrogatories #3, 4, 8, 9, and 17, responding to an interrogatory by reference to an answer given elsewhere is generally not an appropriate method of answering discovery requests. Rule 33 requires each interrogatory to "be answered separately and fully." Fed. R. Civ. P. 33(b)(3). Thus, "[a]n interrogatory response generally should be complete in and of itself and stand on its own. That means the response should not refer to pleadings, depositions, other documents, or other interrogatories, especially when such references make it impracticable to determine whether an adequate answer has been given without [a] cross-checking comparison of answers. Accordingly, it is improper to answer an interrogatory by incorporating by reference deposition testimony or a response to another interrogatory." *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 18 C 0825, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020) (internal citations and quotation marks omitted).

The importance of answering each interrogatory individually is apparent as Plaintiff's response to interrogatory #2 does not directly respond to interrogatories #3, 4, 8, 9, and 17. Although these interrogatories request information similar to that sought in interrogatory #2 and the answers to each interrogatory may include similar information, each of the interrogatories seeks information distinct from that requested in interrogatory #2.[2] For instance, interrogatory #8

---

[2] Interrogatories #3, 4, 8, 9, and 17 are as follows:

Interrogatory #3: "State the full name, last known address, telephone number, occupation and/or profession, employer or business affiliation, and relationship to you of each person who has or claims to have knowledge that the Defendants were deliberately indifferent toward you. As to each such person, state: (a) The nature of such knowledge; (b) The manner whereby it was acquired; (c) The date or dates upon which such knowledge was acquired; and (d) The identity and location of any and all documents reflecting such alleged deliberate indifference." ([93-1], pg. 3.)

Interrogatory #4: "State the name, address and specialty, if any, of all physicians, nurses, medical technicians or other persons with whom you or your attorneys have discussed any of the following: (The acts and/or omissions of deliberate indifference described in your Complaint; (b) The nature and extent of any injuries suffered by you; and (c) The relationship between the acts and/or omissions on the part of the Defendants and such injuries." (*Id.*)

Interrogatory #8: "With regard to your injuries, state: (a) The name and address of each attending physician and/or health care professional that has seen or treated you; (b) The name and address of each consulting physician and/or other health care professional; (c) The name and address of each person and/or laboratory taking any x-ray, MRI and/or other radiological tests of you; (d) The date or inclusive dates on which each of them rendered you service; (e) The amounts to date of their respective bills for service; and (f) from which of them you have written reports." ([93-1], pg. 4.)

Interrogatory #9: "As the result of your injuries, were you a patient or outpatient in any hospital, medical institution and/or clinic? If so, state the names and addresses of all hospitals, medical institutions and/or clinics, the amounts of their respective bills and the date or inclusive dates of their services." (*Id.*)

asks Plaintiff to identify his medical providers, while Interrogatory #9 asks Plaintiff to state the amount of any medical bills he has received due to his alleged injuries. (*Id.*, pg. 4.) This information is not specifically encompassed in Plaintiff's response to interrogatory #2. Accordingly, Plaintiff is not excused from fully responding to Defendants' interrogatories simply because his answers to some interrogatories may require him to state similar or the same information. Plaintiff, therefore, must fully respond to interrogatories #3, 4, 8, 9, and 17 without reference to his other answers.

*Objections Based on Records in Defendants' Possession*

Third, Plaintiff objects to interrogatories #9, 10, and 12 on the basis that Defendants already possess his entire medical record and that interrogatories #10 and 12 as overly burdensome. Interrogatory #9 seeks information regarding the medical facilities where Plaintiff received treatment for the injuries resulting from the events in the complaint, the names of his medical providers, the dates of his treatment, and any medical bills he received for this treatment. ([93-1], pg. 4.) Interrogatories #10 and 12 request information regarding Plaintiff's medical providers and treatment for injuries and illnesses he suffered within the ten years preceding the events in the complaint. (*Id.*, pg. 5.)

Plaintiff's contention that he need not answer these interrogatories because Defendants already have access to his medical records is incorrect. To begin with, parties are not prevented from obtaining an interrogatory response just because the information may be discovered through an alternate discovery device. *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979) ("Interrogatories are not improper simply because the same information can be obtained by use of a different discovery procedure.") "It is long standing and well-settled that methods of discovery are complementary, rather than alternative or exclusive." *See Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 1:18-cv-0825, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020) (quoting *Yater v. Powderhorn Ski Co.*, No. 17-cv-01298-LTB-NYW, 2018 WL 776361, at *7 (D. Colo. Feb. 8, 2018)).

More crucially, however, Plaintiff fails to establish which of his medical records Defendants possess and how those records are responsive to interrogatories #9, 10, and 12. As a result, the Court cannot determine whether the records Defendants possess fully answer the interrogatories. Plaintiff, thus, fails to demonstrate that Defendants can obtain the requested information from a more convenient source and his objections based on Defendants' access to his medical records are overruled.

As for his objection that interrogatories #10 and 12 are overly burdensome, Plaintiff fails to explain how these questions present an undue burden to him. An objection that a discovery request is unduly burdensome "must adequately demonstrate the nature and extent of the claimed

---

Interrogatory #17: "Provide the name and address of each witness who will testify at trial and the subject of their testimony." ([93-1], pg. 6.)

burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome." *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 1651709, at *4 (N.D. Ill. Apr. 17, 2019), *objections overruled,* No. 17-CV-01682, 2020 WL 1248343 (N.D. Ill. Mar. 15, 2020) (quoting *Rawat v. Navistar Intern. Corp.* No. 08 C 4305, 2011 WL 3876957, at *8 (N.D. Ill. Sept. 1, 2011) (citation omitted)); *see also Baxter Int'l. Inc. v. AXA Versicherung*, 320 F.R.D. 158, 166 (N.D. Ill. 2017) (the objecting party must "specifically demonstrate the burden that the discovery would impose"). Plaintiff's unelaborated objections fail to meet this standard and are also overruled.

Nonetheless, Defendants' request for medical information stretching back ten years before the allegations in the complaint is excessive and will include a large amount of irrelevant information. Plaintiff's claims in this lawsuit relate to the lingering symptoms and side effects from his cancer and cancer treatment. (*See* [28].) Based on medical records Plaintiff attached to his operative pleading, it appears he was diagnosed with cancer in early 2016. (*Id.*, pg. 20.) It is unlikely Plaintiff's medical history prior to this date will include information relevant to this case. Accordingly, on its own initiative, the Court limits interrogatories #10 and 12 to information regarding Plaintiff's medical conditions and treatment occurring after January 2016.

### *Objections Based on Relevance*

Plaintiff's final objection is that interrogatory #14 requests irrelevant information and that Defendants possess the requested information already. ([97-1].) Interrogatory #14 asks Plaintiff to list his lawsuits filed either before or after he initiated the present case, along with "the nature of the injuries claimed" in the lawsuits, "the courts and the captions in which [they were] filed, the years filed, and the titles and case or docket numbers of the suits." ([93-1], pg. 5.)

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). At a minimum, Plaintiff's litigation history is relevant to the defenses of claim and issue preclusion and may indicate whether Plaintiff entered into settlement agreements releasing any of the present parties from liability. Plaintiff's objection based on irrelevance is overruled.

The Court recognizes that Plaintiff has an extensive history of litigation. Defendants can easily review Plaintiff's prior federal lawsuits without his assistance using PACER. Plaintiff, however, has been incarcerated in multiple Illinois counties over the course of his decades-long incarceration and the Court is not aware of a comprehensive database for state-level cases filed in Illinois, or in other states for that matter. Plaintiff is in the best position to recall whether he filed any state-level lawsuits and, if so, when and in which courts. Thus, considering the ease of public access to federal cases and the difficulty attendant with searching for state-level cases, interrogatory #14 is limited to lawsuits Plaintiff filed in any state-level courts.

### *Plaintiff's "Investigation Continues" Responses*

Plaintiff responded to multiple interrogatories—#5, 6, 13, 15, 16, 17, 18, 19, 21—by noting only that his "investigation continues." These responses are deficient for the same reason this manner of responding did not suffice to answer Defendants' production requests. These interrogatories generally ask for basic information about Plaintiff's claims. For example, interrogatory #13 asks whether Plaintiff "suffered any personal injury or prolonged, serious and/or chronic illness since the incident(s) alleged in your Complaint" and #16 asks if Plaintiff is "claiming any psychiatric, psychological and/or emotional injuries as a result of the acts and /or omissions described in the complaint." ([93-1], pgs. 5, 6.) These interrogatories appear to be readily answerable with knowledge Plaintiff already possesses and Plaintiff offers no explanation whatsoever as to why he was unable to answer these interrogatories within the discovery deadline. With no indication as to what additional investigation he requires or why he has been unable to accomplish that investigation by this point, Plaintiff cannot evade compliance with discovery deadlines by responding only that investigation continues. Plaintiff must fully respond to these interrogatories by the deadline below.

### *Defendants' Request for Expenses and Attorney's Fees*

In light of the foregoing discussion, Defendants' motion to compel is granted. By the date below, Plaintiff must serve complete responses to all Defendants' requests for production and interrogatories #1-6, 8-19, and 21. Plaintiff's responses to interrogatories #7, 20, and 22 appear to adequately respond to the question asked. He need not amend his responses to these interrogatories. Plaintiff also appears to have supplemented at least some of his discovery responses after Defendants filed their motion to compel, but the Court is unable to determine from Plaintiff's notices to which requests for production or interrogatories the supplemental materials respond. Therefore, insofar as he may already have fully answered any of these discovery requests, he need not re-serve those responses.

Defendants request that they be reimbursed for the expense of having to bring their motion to compel. Under Rule 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(A) also requires reimbursement of expenses and attorney's fees where the requested discovery is provided only after the motion to compel was filed. Fed. R. Civ. P. 37(a)(5)(A). The Court, however, must not order such a payment, if: (1) the motion was filed before the parties attempted to resolve their discovery dispute without court intervention; (2) the opposing party's nondisclosure, responses, or objections were substantially justified; or (3) other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Although he was aware of the request for expenses at the time he responded to the motion to compel, Plaintiff offers no argument against Defendants' request for reimbursement of their

10

expenses. Consequently, he fails to demonstrate that his defective responses were substantially justified or that other circumstances make an award of expenses unjust.

Neither do the circumstances here otherwise counsel against an award of expenses and attorney's fees. With very few exceptions, Plaintiff's discovery responses are evasive, and he offers no explanation for his nearly wholesale failure to respond to the requests in an appropriate manner. Even though the Court has narrowed several of Defendants' discovery requests, that some of the requests were somewhat over encompassing does not justify Plaintiff's defective responses. And although Plaintiff appears to have supplemented some of his responses after Defendants filed their motion to compel, these additions come too late.

A key purpose of awarding fees and expenses under Rule 37(a)(5) is to deter abuses of the discovery process. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 330 (N.D. Ill. 2005) (citing 7 Moore's Federal Practice at § 37.23[1] at 37–42). If Plaintiff did not have to bear the costs created by his own deficient responses, there would be little reason for him not to repeat his behavior in the future. Moreover, Plaintiff has not demonstrated at this point that he is categorically unable to afford paying any fees or expenses. He is not proceeding *in forma pauperis* in this case and has readily paid the filing fees in this and every other federal lawsuit and appeal he has filed while incarcerated. He also recently negotiated settlement payments in at least two lawsuits. *See Gevas v. Balwin*, No. 1:18-cv-3165 (N.D. Ill.) (Lee, J.); *Gevas v. Pfister*, No. 1:17-cv-4260 (N.D. Ill.) (Lee, J.). Consequently, Defendants' request for an award of their expenses and attorney's fees is granted. By the date below, Defendants must file a bill of costs itemizing their expenses and attorney's fees along with any supporting documentation they wish the Court to consider when determining the amount of the award.

Defendants also request that Plaintiff be prevented from taking any deposition until he responds to the discovery requests and sits for his own deposition. This prohibition is unjustified and unnecessary. Fact discovery is set to close on January 31, 2022. ([82].) Even with the delay in Plaintiff's disclosures, Defendants should still be able to complete Plaintiff's deposition before this deadline and, if they require more time to prepare for the deposition because of Plaintiff's belated responses, they may request an extension of the discovery deadline. Further, preventing Plaintiff from taking any depositions (assuming he intends to) would only serve to create the very delay in discovery that Defendants purport to be trying to avoid. The Court, therefore, does not grant this relief.

## **PLAINTIFF'S MOTION TO COMPEL**

Shortly after Defendants filed their motion to compel, Plaintiff filed his own motion asking the Court to compel Defendants to produce documents responsive to his request for production of a variety of Wexford Health Sources' provider handbooks and medical guidelines.[3] Specifically,

---

[3] In his motion to compel, Plaintiff originally sought to compel Defendants to respond to several other requests for production. (*See* [94].) He has clarified in his reply in support of the motion, however, that he is only pursuing his

11

Plaintiff's request for production sought Wexford Health Sources' "Provider Handbooks for Medical Director, Physicians, Nurse Practitioner, Physician Assistant, Director of Nursing, Registered Nurse, and Physical Therapist, Wexford's policies regarding orthopedic shoes, air mattress, and pain medications such as 'Norco.' Policies for treatment of cancer such as lymphoma, lytic lesions." ([94], pg. 4.)

In response, Defendants objected that Plaintiff's request was improperly compound and disproportionate to the needs of this case. (*Id.*) Nonetheless, Defendants produced several pages of the provider handbook and medical guidelines dealing with prosthetics and therapeutic shoes. (*Id.*, pg. 5.) Defendants indicated that Wexford does not maintain written medical guidelines regarding air mattresses, the prescription of Norco, or the treatment of lymphoma or lytic lesions. (*Id.*) Plaintiff contends the documents produced are inadequate and that additional responsive documents in fact exist. (*Id.*, pgs. 1-3.) Therefore, he asks that Defendants be compelled to produce all Wexford provider handbooks and medical guidelines in their entirety. ([94], pgs. 2-3.)

As an initial matter, Defendants argue Plaintiff's motion should be denied because he did not comply with Federal Rule of Civil Procedure 37(a) and Local Rule 37.2's requirements to make a good faith effort to resolve discovery disputes prior to filing a motion to compel. ([98], pg. 1.) Defendants correctly note Plaintiff did not include a certification in his motion to compel indicating the parties met and conferred regarding the discovery matters as required by LR 37.2. (*Id.*) In his response in support of his motion, however, Plaintiff includes letters mailed to defense counsel on July 4 and 11, 2021, explaining to counsel that Plaintiff believed Wexford maintained written policies regarding orthopedic shoes and pain management and requesting that Defendants produce those records. (*See* [101], pgs. 1-2.) In response to these letters, Defendants supplemented their original discovery response on August 26, 2021, by producing records relating to orthopedic shoes, but did not produce the pain management records. (*See* [94], pg. 7; [101], pg. 8.) Plaintiff then filed his discovery motion on September 8, 2021. ([94].) It is debatable whether this exchange satisfied the meet and confer requirement, but given this record, the Court cannot conclude that denial of the motion is appropriate based solely on a failure to make good faith efforts to reach a resolution prior to filing the present motion.

Nonetheless, other reasons require the denial of Plaintiff's motion to compel. Plaintiff's request for all provider handbooks and all medical guidance is simply excessive for the needs of this case. In response to Plaintiff's original request for production, Defendants produced the pages of their handbooks and medical guidance relating to orthopedic shoes and indicated that no other portions of the handbooks or guidelines pertained to Plaintiff's requests. Other than baldly claiming that Defendants are lying, Plaintiff points to nothing contradicting this assertion. ([101], pg. 3.)

Further, instead of asking that Defendants provide him with the specific portions of the guidelines he believed to be missing, Plaintiff instead requested every handbook and medical

---

request to compel production of the handbooks and guidelines. (*See* [101], pg. 2.)

guideline Defendants possess—a request that goes beyond his original request for production and is clearly not proportional to the issues raised by this case. Particularly as Medical Director Zahtz is the only individual Wexford employee named as a Defendant in this action, there is no reason to believe that every handbook for every category of medical employee will be relevant to this case. Likewise, Plaintiff's allegations involve a limited number of medical conditions. Presumably, though, Wexford's written medical guidelines offer guidance on a wide range of medical conditions. Thus, requiring Defendants to produce all written medical guidelines would result in the production of many documents irrelevant to this case. Plaintiff simply offers no explanation for why this volume of information is necessary to respond to his original request or how all these records are relevant to his claims. *See Smith v. Portwood*, No. 19 C 5329, 2021 WL 4318076, at *2 (N.D. Ill. Sept. 23, 2021) ("In general, parties are permitted discovery to investigate and develop their claims so long as the request is reasonably tailored to produce information that bears on their allegations.") Plaintiff's motion to compel Defendants to produce this information, therefore, is denied.

Nonetheless, the Court notes Defendants' response that their handbooks and guidelines do not contain information pertinent to the prescription of Norco seems to misunderstand Plaintiff's request. Plaintiff seeks Wexford's guidance regarding the prescription of pain medication generally, which may include but is not limited to, the medication Norco. Defendants' response that guidance regarding Norco specifically does not exist does not directly address this request. Guidance regarding prescribing pain medication to inmates is relevant to Plaintiff's claims that he has not been provided the proper pain medication pursuant to his oncologist's recommendation. Therefore, the Court directs the parties to confer regarding the scope of Plaintiff's request. In the event Defendants' existing response does not fully address the scope of Plaintiff's request, Defendants should determine whether the requested records exist and, if records exist, supplement their discovery response by producing them to Plaintiff.

Finally, Defendants request an award of attorneys' fees and costs associated with defending against Plaintiff's motion. ([98].) Where a motion to compel is denied, Rule 37(a)(5)(B) permits a court to order the movant to pay the opposing party its reasonable expenses and attorneys' fees incurred in opposing the motion. Fed. R. Civ. P. 37(a)(5)(B). The Court, however, "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* Given that Defendants' discovery response did not directly answer Plaintiff's request for production with respect to Wexford's pain management policies, Plaintiff's filing of his motion to compel was not wholly unjustified. In its discretion, therefore, the Court denies the request for fees and costs.

The Court, however, has not overlooked that, aside from the pain medication issue, Plaintiff's motion largely presents meritless arguments. This is evidenced by the fact that, in his reply, Plaintiff abandoned several of the issues he initially raised in his motion. Plaintiff must carefully consider whether the arguments he raises in his motions are defensible. If Plaintiff files similar motions in the future, the Court will be less inclined to overlook the defective motion.

13

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to compel ([93]) is granted. Plaintiff must serve complete responses to Defendants' discovery requests, subject to the limitations described above, by December 30, 2021. Plaintiff is warned that failure to comply with this order may lead to sanctions, which may include monetary penalties or a recommendation that this lawsuit be dismissed for Plaintiff's failure to participate in discovery. Plaintiff is also reminded of his obligation to promptly supplement any of his discovery responses if he learns his responses are incomplete or incorrect. *See* Fed. R. Civ. P. 26(e). Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Defendants' request for reimbursement of their costs in bringing their motion to compel is also granted. Defendants must file a bill of costs and supporting documentation by December 30, 2021. If Plaintiff wishes to respond to the bill of costs, he must file his response by January 17, 2022.

Plaintiff's motion to compel ([94]) is denied. His motion for an update on the status of this motion ([104]) is denied as moot. The parties, however, are directed to meet and confer by December 15, 2021, regarding Plaintiff's request for Wexford's medical guidance on the provision of pain medication, as explained above.

A telephonic status conference is set for January 11, 2022, at 9:30 a.m. Public access is available via the following call-in number: 1-(650)-479-3207 and enter access code: 180-822-8235#. Counsel for all Defendants and Plaintiff are directed to appear. Counsel of record will receive an email the day prior to the start of the telephonic hearing with instructions to join the call. Plaintiff and the Dixon Correctional Center will have been notified of the telephonic status conference by way of writ via email to the Dixon Correctional Center. Telephone writ request to follow. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions.

Date: 12/07/2021       ENTER:

_Margaret J. Schneider_
United States Magistrate Judge